## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SHERI ANN HOMMELL,**

      **Plaintiff,**

**v.**                                                                     **Case No:  6:12-cv-102-Orl-31GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

On December 10, 2012, the Magistrate Judge entered a Report and Recommendation (Doc. 17) recommending that the decision of the Commissioner denying the application for Supplemental Security Income benefits be affirmed. On December 21, 2012, the Plaintiff, Sherri Ann Hommell ("Hommell"), filed an objection (Doc. 18), and on January 2, 2012, the Commissioner filed a response (Doc. 19) to the objection. Upon *de novo* review of the above, the Court finds that the decision of the Commissioner is due to be reversed.

    **I.**      **Background**

Hommell filed an application for benefits on August 31, 2009, alleging that she has been disabled since March 2, 2006 due to a bipolar disorder, hepatitis C, pain, and chronic obstructive pulmonary disease. (Doc. 15 at 2). Her claim was denied initially and upon reconsideration. (Doc. 15 at 2). She requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 22, 2011. On August 24, 2011, the ALJ rendered his decision, finding that Hommell was not disabled. (Doc. 15 at 2). On December 16, 2011, the Appeals Council denied Hommell's request for review. (Doc. 15 at 2).

On January 23, 2012, Hommell appealed. After briefing by both sides, Judge Kelly recommended that the Commissioner's decision be affirmed. Hommell objected to the Report and Recommendation, arguing that the Commissioner's decision was not supported by substantial evidence because the ALJ failed to include all of her impairments in the hypothetical question posed to the Vocational Expert ("VE") at her hearing. The Commissioner argues (and Judge Kelly concluded) that the ALJ implicitly found that the impairments at issue did not affect her ability to perform simple, routine, repetitive work, and therefore those impairments did not need to be included in the question posed to the VE.

## II. Legal Standards

### A. Review

A district court's review of a final decision by the SSA is limited to determining whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir.2005) (*per curiam*), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The SSA's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer*, 395 F.3d at 1210. "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walden v. Schweiker*, 672 F.2d 835, 838–39 (11th Cir.1982) (internal quotations omitted).

The court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision." *Chester v. Bo*wen, 792 F.2d 129, 131 (11th Cir.1986) (*per curiam*) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir.1983)). Where the SSA's decision is supported by substantial evidence, the court will affirm, even if the court finds that the

proof preponderates against the decision. *Dyer*, 395 F.3d at 1210. The court may not reweigh the evidence or substitute its own judgment. Id.

While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir.1988) (*per curiam*). Therefore, the court will reverse if the SSA incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine that the SSA properly applied the law. *Keeton v. Dep't of Health & Human Serv's*, 21 F.3d 1064, 1066 (11th Cir.1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.1991)).

### B.     Disability Determinations

The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). However, "the burden temporarily shifts at step five to the Commissioner … [who] must

produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform." *Id.* at 1278 n.2.

To evaluate a claimant's mental impairment at steps two and three of the sequential evaluation process, the ALJ is obligated to utilize a "Psychiatric Review Technique" ("PRT"). 20 C.F.R. § 404.1520a-(a). The PRT requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a-(c)(3-4).

At step four, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. *See Phillips*, 357 F.3d at 1238-39. To determine, at step five, whether there are significant numbers of jobs in the national economy that the claimant can perform, the ALJ may either apply the Medical Vocational Guidelines or obtain the testimony of a vocational expert ("VE"). "In order for a vocational expert's testimony to constitute substantial evidence,[1] the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (*per curiam*).

**III.   Analysis**

In the instant case, the ALJ found at step two of the sequential evaluation process that Hommell's bipolar disorder and panic disorder were severe impairments because they caused "more than minimal limitations on the claimant's ability to perform basic work activities."  (ALJ

---

[1] In Social Security appeals, the court must determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir.2004) (*per curiam*) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997)).

Order at 17).[2] At step three, the ALJ found that Hommell "had moderate difficulties maintaining concentration, persistence, or pace." (ALJ Order at 18). At step four, the ALJ found that Hommell had the RFC to perform

> [a] full range of work at all exertional levels but with the following non-exertional limitations: no concentrated or excessive exposure to pulmonary irritants; and only simple, unskilled, repetitive, routine work in a low stress environment and working primarily alone.

(ALJ Order at 18). The hypothetical question posed by the ALJ to the VE at step five did not include any limitations in maintaining concentration, persistence or pace:

> ALJ: I want you to assume an individual 54 years old. I want you to assume the work background and education as testified by the [C]laimant. . . . I want you to assume no physical restriction other than no concentrated or excessive exposure to pulmonary irritants such as [INAUDIBLE] or change in temperature or humidity. Work would also need to be simple, unskilled, and repetitive, low stress and done primarily alone. There can be some limited interaction with the public or supervisors, just brief instructions but no ongoing interaction. Could such an individual perform any of the past work of the [C]laimant?

(Doc. 12-2 at 59-60). The VE testified that a hypothetical individual with the limitations described by the ALJ could perform Hommell's past work as a housekeeper/maid. (Doc. 12-2 at 60) Based on this testimony, the ALJ found that Hommell was not disabled. (ALJ Order at 23). The Claimant contends that this finding is not supported by substantial evidence because the hypothetical posed to the VE did not reflect her moderate limitations in maintaining concentration, persistence, or pace.

In this Circuit, the leading case in this area is *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011). In that case, the ALJ had found at step two that the claimant's mental impairments caused a moderate limitation in maintaining concentration, persistence and pace; as in the instant case, those limitations were not included in the hypothetical posed to the VE at step

---

[2] The text of the ALJ's order may be found at Doc. 12-2, beginning at page 15.

five. *Id.* at 1181.  The ALJ relied on the VE's testimony to conclude that there were significant numbers of jobs in the national economy that the claimant could perform, and therefore she was not disabled. *Id.* at 1178.  On appeal, the Commissioner argued that including those limitations in the hypothetical would inappropriately conflate independent inquiries: the PRT, at steps two and three, with the RFC, at step four.  *Id.* at 1180.  Citing cases from the Third, Seventh, and Eighth circuits, the United States Court of Appeals for the Eleventh Circuit noted that "[o]ther circuits have rejected this argument, and so do we."  *Id.* (internal citations omitted).  While noting that "the PRT and RFC evaluations are undeniably distinct," the *Winschel* court held that "nothing prevents the ALJ from considering the results of the former in his determination of the latter." *Id.*

Having found that the ALJ *could* have included the claimant's concentration, persistence and pace limitations in the question posed to the VE, the *Winschel* court turned to the issue of what the ALJ was *obligated* to do.  Again, the court surveyed the actions taken in other circuits:

> Other circuits have also rejected the argument that an ALJ generally accounts for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.  *See Stewart v. Astrue*, 561 F.3d 679, 684–85 (7th Cir. 2009) (*per curiam*); *Ramirez* [*v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004)]; Newton [*v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996)].  But when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.  *See Simila v. Astrue*, 573 F.3d 503, 521–22 (7th Cir. 2009); *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1173–76 (9th Cir. 2008); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001).
>
> Additionally, other circuits have held that hypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.  *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 288 (6th Cir. 2009) (concluding that the ALJ's reference to a moderate limitation in maintaining "attention and concentration" sufficiently represented the claimant's limitations in concentration, persistence, and pace); *Thomas v. Barnhart*, 278 F.3d

> 947, 956 (9th Cir. 2002) (concluding that the hypothetical question adequately incorporated the claimant's limitations in concentration, persistence, and pace when the ALJ instructed the vocational expert to credit fully medical testimony related to those limitations).
>
> In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert.
>
> Because the ALJ asked the vocational expert a hypothetical question that failed to include or otherwise implicitly account for all of Winschel's impairments, the vocational expert's testimony is not "substantial evidence" and cannot support the ALJ's conclusion that Winschel could perform significant numbers of jobs in the national economy. Accordingly, we reverse. On remand, the ALJ must pose a hypothetical question to the vocational expert that specifically accounts for Winschel's moderate limitation in maintaining concentration, persistence, and pace.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011).

Thus, as set forth in *Winschel*, the standard is as follows: If the claimant is found to suffer from at least moderate limitations at steps two and three, the ALJ must either (1) indicate that those limitations do not affect the claimant's ability to work or (2) include those limitations, either explicitly or implicitly, in the hypothetical question(s) posed to the VE. Though this standard is apparently straightforward, disputes over whether it has been properly applied underlie a substantial percentage of the Social Security appeals before this Court in the past two years.

The problem is illustrated in the instant case. Here, as in *Winschel*, Hommell argues that the ALJ was required to include her moderate limitations in concentration, persistence, and pace in the hypothetical question posed to the VE. The Commissioner responds that the ALJ "complied with the *Winschel* standard because he specifically discussed medical evidence indicating Plaintiff could work despite her mental limitations." (Doc. 16 at 6). The Commissioner spends five pages

of the reply brief (Doc. 16 at 6-10) pointing to evidence that, in the Commissioner's opinion, indicated that Hommell could work despite those limitations. (Doc. 16 at 6). Some of this evidence was found in the ALJ's opinion, but most of it came straight from the record of the administrative proceedings, with no indication as to what the ALJ thought of it or whether it was relied upon to support any particular finding.[3]

---

[3] For example, the following passage is taken from the section of the Commissioner's brief discussing evidence purportedly showing that Hommell could return to her previous work despite her limitations:

> In September 2009, psychologist Dr. Salter noted Plaintiff was fully oriented, coherently responded to questions with clear and relevant speech, and displayed unimpaired, above average intellectual ability, good memory and concentration, and productive, goal directed, rational and coherent thoughts with no indications of thought blocking or perceptual distortions (Tr. 593). Dr. Salter further indicated no judgment or insight impairments related to managing daily activities and observed that Plaintiff appeared calm, stable, rational, and fully oriented with no evidence of thought or mental disorder and a GAF of 76-86 (Tr. 593-595).

(Doc. 16 at 7-8). (The citations from the Commissioner's Reply are to the transcript, rather than the ALJ's order.) The Commissioner does not explain how Dr. Salter's opinion supports a finding that Hommell could work despite her limitations regarding persistence, concentration, or pace, and does not point to any such explanations from the ALJ.

The ALJ also discussed Dr. Salter in his order and mentioned some of the same points raised by the Commissioner above, but the ALJ's order mostly focused on other points:

> In September 2009, the claimant was placed under a certificate for involuntary examination/psychological evaluation by a law enforcement officer due to suicidal ideation. It was noted that she had a long history of substance abuse and carried a diagnosis of bipolar disorder. She tested positive for marijuana. Examination revealed that she alert [sic] and oriented times four. Thought content and form were productive, goal directed, rational, and coherent with no indications of thought blocking, perceptual distortions, or loose associations. There was no evidence of obsessions, compulsions, phobias, ideas of reference, or ideas of influence. Memory and concentration were good. She denied

The Magistrate Judge took a similar approach, scouring the ALJ's order and the underlying record to find evidence suggesting that Hommell could "perform unskilled, simple, or routine work despite her mental limitations." (Doc. 17 at 15). The Magistrate Judge pointed to half a dozen or so instances, mostly from the ALJ's order, where physicians had discussed one or more of Hommell's mental limitations or her ability to do simple and routine tasks. This evidence, the Magistrate Judge concluded, "was sufficient for the ALJ to conclude that despite her moderate limitations in concentrations, persistence, or pace, Claimant could perform 'simple, unskilled, repetitive, routine work,'" and that the ALJ's restricting the hypothetical to such work satisfied *Winschel*. As with the Commissioner's brief, however, this assessment reflected the Magistrate Judge's view of the record, because the ALJ had not indicated that any of the cited evidence had any relevance to this issue.

The Court finds that the approach advocated by the Commissioner in this and numerous other cases misapprehends *Winschel*. Contrary to the Commissioner's argument, once the ALJ finds at steps two and three that the claimant suffers from moderate limitations, it is not sufficient that the ALJ simply "discuss[] medical evidence indicating Plaintiff could work despite her mental limitations." (Doc. 16 at 6). This contention appears to be based on language from *Winschel* that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or

---

> delusions or hallucinations. Dr. Salter's diagnosis was marijuana abuse, dependence; substance induced altered mental status; history of mood disorder; personality disorder with histrionic and antisocial traits; hypertension; hepatitis C; and GAF of 76-86 (no symptoms to temporary symptoms). Dr. Salter stated that the claimant did not meet the criteria for involuntary psychiatric treatment (Exhibit 10F).

(ALJ Order at 18-19). As this quote indicates, the ALJ did not indicate that the evidence from Dr. Salter had any particular relevance to the issue of whether Hommell "could work despite her mental limitations."

unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Winschel* at 1180.  However, this language is dicta.  The *Winschel* court did not follow this path – *i.e.*, it did not review the record in search of evidence that the claimant could work despite his mental limitations -- and the cases cited in support of this language were all from other circuits. *See id.*

Instead, *Winschel* required the ALJ to make an *explicit* finding that the Plaintiff could work despite the limitations – or, failing that, to include those limitations in the hypothetical posed to the ALJ. *See id. at* 1180-81. *See also Scott v. Comm'r of Soc. Sec.*, 2012 WL 5358868 at *2 (11th Cir. Oct. 31, 2012) (*per curiam*) ("In *Winschel*, we highlighted that the ALJ did not indicate that medical evidence suggested the plaintiff's ability to work was unaffected by this limitation, nor did the ALJ otherwise implicitly account for the limitation in the hypothetical question.  So, we concluded that, because the ALJ should have explicitly included Winschel's moderate limitation in maintaining concentration, persistence, and pace in the hypothetical question to the VE, the VE's testimony was not 'substantial evidence' that supported the ALJ's conclusion.") (internal citations omitted).

Obviously, the ALJ's finding on this point must be properly supported by evidence in the record.  And to that extent, it is true that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, … limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Winschel* at 1180.  But in the absence of an appropriate finding by the ALJ, the existence of such medical evidence is not enough, on its own, to satisfy *Winschel*.

> Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm

> "simply because some rationale might have supported the ALJ's conclusion."

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir.1984) (*per curiam*).

In the instant case, just before addressing Hommell's RFC, the ALJ did state that "the following residual capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental functional analysis." (ALJ Order at 17). However, this statement is insufficient to satisfy the requirements of *Winschel*. Identical or very similar language appears in numerous opinions from other ALJs. *See, e.g.*, Doc. 12-2 in Case No. 6:11-cv-1128 (employing identical language). The Court is reluctant to place weight on what appears to be boilerplate. Second, the language is too vague conclude that it is intended to be a statement that, despite her limitations, the claimant can return to her previous work. Finally, even if it was intended as a finding that Hommell could perform her past work despite her limitations, the ALJ failed to indicate the evidence upon which he was relying to reach this conclusion.

Thus, the Court finds that the ALJ did not make an explicit finding that Hommell's moderate limitations did not affect her ability to work and did not include those limitations in the hypothetical posed to the VE. Accordingly, pursuant to *Winschel*, this case must be reversed and remanded.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation is REJECTED.

2. The decision of the Commissioner is REVERSED and the case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with this order. On remand, the ALJ must either make a specific finding that Hommell's moderate

difficulties maintaining concentration, persistence, or pace do not affect her ability to work or include those limitations in the hypothetical posed to the VE.

    3. The Clerk of Court is directed to enter judgment in accordance with this order and thereafter close the file.

    **DONE** and **ORDERED** in Orlando, Florida on March 4, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties