**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHERI ANN HOMMELL,**

       **Plaintiff,**

**v.**     **Case No: 6:12-cv-102-Orl-31GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## ORDER

This matter comes before the Court on the Motion for Attorney's Fees (Doc. 22) filed by the Plaintiff, Sheri Ann Hommell ("Hommell"), the response (Doc. 23) filed by the Commissioner of Social Security, and the reply (Doc. 25) filed by Hommell.

### I. Background

Hommell sought review of a final decision of the Commissioner that denied her claim for Social Security benefits. On March 4, 2013, the undersigned reversed the Commissioner's decision and remanded for the Administrative Law Judge to either make a finding that Hommell's difficulties maintaining concentration, persistence, or pace do not affect her ability to work or to include those limitations in a hypothetical posed to the Vocational Expert. (Doc. 20 at 11-12). Hommell now seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides in pertinent part that

> a court shall award to a prevailing party other than the United States fees and other expenses … incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court

> finds that the position of the United States was substantially justified
> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The Commissioner objects to the award, arguing that the position of the United States was substantially justified and, in the alternative, that the number of hours claimed is excessive.[1]

## II.     Legal Standards

The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – *i.e.*, when it has a reasonable basis in both law and fact.  The government bears the burden of showing that its position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).  The United States Court of Appeals for the Eleventh Circuit has recognized six factors whose consideration may aid a district court's assessment of the reasonableness of the government's position: (1) the point at which the litigation was resolved; (2) views expressed by other courts on the merits; (3) the legal merits of the government's position; (4) the clarity of the governing law; (5) the foreseeable length and complexity of the litigation; and (6) the consistency of the government's position. *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988)   These factors are not intended to be an exhaustive list of all the factors a district court may undertake to review.  *Id.*

The position of the United States includes both the position taken in the civil action and the agency's pre-litigation position. *Myers v. Sullivan*, 916 F.2d 659, 666 n. 5 (11th Cir. 1990).  The EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity.  Any such waiver must be strictly construed in favor of the United States.  *Ardestani v. I.N.S.*, 502 U.S. 129, 137, 112 S. Ct. 515, 520, 116 L. Ed. 2d 496 (1991).

---

[1] The Commissioner concedes that Plaintiff is a prevailing party, that the hourly rates she claims are reasonable, and that she timely filed the subject petition.  (Doc. 23 at 2-3).

### III.    Analysis

The instant case revolved around application of *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011), which held that where the administrative law judge ("ALJ") determines that a claimant suffers from limitations in concentration, persistence, or pace, the ALJ must either include those limitations in the hypothetical question posed to the vocational expert or indicate that the claimant's ability to work is not affected by the limitation(s).  The ALJ here determined that Hommell had moderate difficulties maintaining concentration, persistence, or pace but did not include such limitations in the hypothetical.  The government took the position that the requirements of *Winschel* had nonetheless been satisfied, and the ALJ's decision should be affirmed, because the ALJ had discussed medical evidence that indicated Hommell could work despite those limitations.  (Doc. 16 at 6).  (More specifically, the ALJ had limited Hommell to "simple, unskilled, repetitive, routine, low stress work" in the hypothetical and had discussed evidence that, in the Government's view, demonstrated that "Plaintiff could perform such tasks despite her limitation in maintaining concentration, persistence, or pace."   (Doc. 16 at 3).)  Hommell took the position that, where the limitations themselves had not been included in the hypothetical questions, it was not enough to just discuss evidence (arguably) indicating that a claimant's ability to work was not affected by those limitations.  In such cases, the ALJ was obligated by *Winschel* to actually make a finding to that effect.  (Doc. 18 at 5-6).

The Court ultimately sided with Hommell, reversing and remanding the case for the ALJ to include the limitations in a hypothetical or to make the requisite finding.  (Doc. 20 at 12).  However, as Hommell notes in her reply, there was some authority that supported the government's position that so long as the ALJ discussed evidence that would have supported a finding that the claimant could perform work despite her limitations, the finding itself was not

necessary. That authority was not binding and appears to have been based on a misinterpretation of *Winschel*.[2] Nonetheless, that authority exists. And *Winschel* does not explicitly prohibit such an approach.

The government may be justified in litigating a legal question that is unsettled within the circuit. *Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008). *See also* <u>Houston Agric. Credit Corp. v. United States</u>, 736 F.2d 233 (5th Cir. 1984) (denying EAJA fee award because government's

---

[2] For example, in the (unpublished) decision in *Land v. Comm'r of Soc. Sec.*, 494 Fed. App'x 47, 50 (11th Cir. 2012), the court approved an approach similar to that advocated by the Government in the instant case, stating:

> We have held that an ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for mental limitations where the medical evidence demonstrates that the claimant retains the ability to perform those tasks despite deficiencies. *See Winschel*, 631 F.3d at 1180 ("[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.").

However, this was not the holding of *Winschel*. The text quoted by the *Land* Court comes from a section of the *Winschel* opinion describing how *other* circuits had responded to what was, for the Eleventh Circuit Court of Appeals, a question of first impression. *See Winschel*, 631 F.3d at 1180. The quoted passage is followed, in the *Winschel* opinion, by citations to decisions from the Seventh, Eighth, and Ninth Circuits – but not the Eleventh. *Id*. The *Winschel* court did not adopt the approach advocated by the government here and approved by the *Land* court – *i.e.*, requiring the District Court to perform its own survey of the medical evidence and make a determination as to whether the claimant "retains the ability to perform [simple and routine] tasks despite deficiencies." *Land* at 50. Because the ALJ had not made such a determination, and had not implicitly accounted for the claimant's limitations in the hypothetical, the *Winschel* court reversed and remanded for the ALJ to "pose a hypothetical question to the vocational expert that specifically accounts for Winschel's moderate limitations in maintaining concentration, persistence, and pace." *Id.* at 1181.

The other cases cited by the government on this point suffer from the same foundational error, mistakenly citing *Winschel* as standing for the proposition that if the medical evidence demonstrates that the claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, then limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. *See Rosario v. Comm'r of Soc. Sec.*, 490 Fed. App'x 192, 195 (11th Cir. 2012; *Syed v. Comm'r of Soc. Sec.*, 441 Fed. App'x 632, 634 (11th Cir. 2011); *and Jarrett v. Comm'r of Soc. Sec.*, 422 Fed. App'x 869, 872 (11th Cir. 2011).

conduct was substantially justified where statute did not specify formula for performing a particular calculation and the formula used by IRS, though ultimately determined to be incorrect, was not arbitrary or otherwise unreasonable). Because there was persuasive authority that supported the government's position, the Court finds that it was substantially justified. Accordingly, it is hereby

**ORDERED** that the Motion for Attorney's Fees (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 13, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

       For example, in *Syed v. Comm'r of Soc. Sec.*, 441 Fed. Appx. 632 (11th Cir. 2011), the appellate court did not require a finding from the ALJ that the claimant's difficulties in maintaining concentration, persistence, or pace did not affect his ability to work. Instead, the court scoured the record for evidence to support the ALJ's RFC determination, which included a limitation to "simple, unskilled work that was low-stress, requiring only the occasional need to make decisions, use judgment, or have contact with the general public." *Id.* at 634. The appellate court then made its own determination that the RFC adequately provided for the claimant's difficulties in maintaining concentration, persistence, or pace – CITE -- and found that by presenting that RFC to the VE, the ALJ had implicitly included those limitations in the hypothetical CITE.